UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CPI Card Group, Inc., and
CPI Card Group-Minnesota, Inc.,

      Plaintiffs,

  v.

John Dwyer, Multi Packaging Solutions,
Inc., John Searfoss, and Ken Glinert,

      Defendants.

Court File No. 17-CV-03983 (SRN/FLN)

## DECLARATION OF JANET M. OLAWSKY

I, Janet M. Olawsky, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am one of the attorneys representing Multi Packaging Solutions, Inc. ("MPS"), John Searfoss ("Searfoss"), and Ken Glinert ("Glinert") (collectively, the "MPS Defendants") in this matter.

2. I submit this declaration in support of MPS' Response Memorandum in Opposition to CPI's Motion to Compel.

3. During the parties' Rule 26(f) Conference on October 13, 2017, MPS agreed to participate in "pre-hearing discovery" prior to the hearing on CPI's Motion for Preliminary Injunction as long as the discovery requests were re-drafted by CPI's local counsel, Briggs and Morgan, and not informed by the previous discovery requests served by CPI's now-disqualified counsel, Winston & Strawn. Briggs expressed no objection to re-drafting the discovery.

4.        On September 22, 2017, MPS collected the full MPS electronic mailboxes of John Dwyer ("Dwyer"), Ken Glinert ("Glinert"), and John Searfoss ("Searfoss") dating back to November 1, 2016 and transmitted the information to its eDiscovery vendor (the "Collected Mailboxes").

5.        MPS retrieved the email boxes dating back to November 1, 2016 based on its understanding that Dwyer and Searfoss first began discussing Dwyer's potential employment at MPS in mid- to late-December, 2016 and its desire to ensure all relevant information was captured.

6.        The Collected Mailboxes contain 24,002,235 kilobytes of data.  Dwyer's MPS email account contained 4,543,625 kilobytes of data.

7.        In his deposition, Searfoss testified:

> Q.   When the discussions began between MPS and John Dwyer about a potential position, who approached whom?
> **A.   I approached him.**
> Q.   And approximately when?
> **A.   December.**
> Q.   December of --
> **A.   2016.**

(Deposition of John Searfoss, 32:16-23.)

8.        Based the documents reviewed in this case to date, we estimate it takes one hour to complete a first-pass attorney review of 75-100 documents.  This does not account for any other work that goes into a document production, such as marking documents for privilege, making redactions, drafting a privilege log, and a second-pass review.

9. On October 17, 2017, I communicated with MPS' eDiscovery vendor regarding the discovery served by CPI. The vendor ran the search terms detailed in the Declaration of David Freskos (the "Freskos Terms") against the Collected Mailboxes. MPS determined the Freskos Terms was a logical starting point because time was of the essence and the list was drafted by counsel.

10. The Freskos terms resulted in 182,739 "hits."

11. At the hearing on CPI's Motion for a Preliminary Injunction, Judge Nelson did not suggest that the parties were to engage in more discovery before the expedited mediation, nor did CPI request as much.

12. On November 29, 2017, CPI provided revisions to the Freskos Terms (the "CPI Terms"), which include the highlighted and handwritten terms in Exhibit F to the Declaration of Karen McDaniel, ECF No. 197.

13. MPS' eDiscovery vendor ran the CPI Terms against the Collected Mailboxes, which resulted in 58,008 "hits" in 43,468 documents.

14. The first documents from the Two-Tiered Approach were loaded into our document review platform on December 6, 2017 at 12:20 p.m. Ultimately, the documents were loaded on a rolling basis, comprising 11 total sets of documents. The last set of documents was loaded at 7:35 a.m. on December 15, 2017.

15. We began reviewing documents as soon as they were loaded into the review platform. In total, MPS produced 523 pages of documents. To date, MPS has produced 630 pages of documents.

16. At the time CPI cancelled the 30(b)(6) deposition, MPS had reviewed all documents from the Two-Tiered Approach loaded into the document review platform and provided the documents productions to CPI.

17. In addition to multiple attorneys reviewing documents from the Two-Tiered Approach, I spent significant time preparing MPS' corporate designee for the deposition, including interviewing nearly a dozen employees.

18. CPI's attorney, Karen McDaniel, contacted me at 11:46 a.m. on December 11, 2017 and informed me that CPI was cancelling the 30(b)(6) deposition scheduled for December 13, 2017. Ms. McDaniel stated that "A meaningful deposition is impossible due to the lack of substance and duplication in MPS's document production."

19. On December 13, 2017, I met with Ms. McDaniel regarding the document requests served on MPS. I reiterated to Ms. McDaniel that there was very little disagreement between the parties but that MPS needed an opportunity to develop a better method of locating responsive documents.

20. During the meet and confer, the parties agreed on numerous issues, including that the appropriate email custodians are Dwyer, Glinert, and Searfoss. Ms. McDaniel also agreed to limit Request for Production No. 10 to end once Dwyer became employed by MPS, and that she would consider similarly limiting Request No. 13 if MPS also produced information relating to Dwyer's current job duties. For the remainder, the parties agreed that MPS would produce documents through the present and agree to supplement. We did not discuss the scope of the 30(b)(6).

21. On December 14, 2017, I sent CPI a list of the companies MPS understands to be CPI's current, prospective, and former clients implicated by Requests for Production No. 14-16. I asked CPI to correct the list if any customers were inadvertently omitted or included. CPI has not responded. At least eight companies on this list are not included in the CPI Term list.

22. Attached hereto are true and correct copies of the following exhibits:

**EXHIBIT 1** MPS' Responses to CPI's First Set of Requests for Production of Documents on an Expedited Basis, dated October 20, 2017;

**EXHIBIT 2** MPS' Objections to CPI's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) on an Expedited Basis, dated October 26, 2017;

**EXHIBIT 3** Data Volume Estimates and Conversions, SDS Discovery, available at http://www.sdsdiscovery.com/resources/data-conversions/ (last visited December 20, 2017);

**EXHIBIT 4** Email thread between Karen McDaniel, Janet Olawsky, and Brian Benkstein, subject line: "CPI v. Dwyer et. al.," dated November 7-16, 2017; and

**EXHIBIT 5** Email thread between Janet Olawsky and Karen McDonald, subject line "CPI/MPS – MPS Requests for Production," dated November 21 and 28, 2017.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 21, 2017.                     *s/Janet M. Olawsky*
                                                    Janet M. Olawsky

4820-1198-3449, v. 1