UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CPI Card Group, Inc., et al.,                                    Civil No. 17-3983 SRN/FLN

                Plaintiffs,
v.                                                                                **ORDER**

John Dwyer, et al.,

                Defendants.
_____

Karen McDaniel for Plaintiffs.
Janet Olawsky for Defendant MultiPacking Solutions, Inc.
Richard Voelbel for Defendant John Dwyer.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 12, 2018, on Defendants Multi Packaging Solutions, Inc. ("MPS"), Ken Glinert, John Searfoss (collectively the "MPS Defendants"), and John Dwyer's motions to amend their answers to add an affirmative defense (ECF Nos. 246 and 252), and Plaintiffs CPI Card Group, Inc. and CPI Card Group-Minnesota's (collectively "CPI") motion for leave to file a second amended complaint (ECF No. 258). For the reasons set forth below, Defendants' motions to amend (ECF Nos. 246 and 252) are **GRANTED**. CPI's motion for leave to file a second amended complaint (ECF No. 258) is **GRANTED in part,** and **DENIED in part**.

## I. SUMMARY OF FACTS

On September 8, 2017, CPI filed an Amended Complaint alleging, amongst others, one count of misappropriation of trade secrets in violation of the Defend Trade Secrets Act (Count I), one count of fraudulent inducement of the amendment (Count III), one count of unfair competition (Count IX), and one count of civil conspiracy (Count X).[1] *See generally*, ECF No. 11. On September

---

[1] A more complete case background is available in this Court's previous Order. *See, e.g.*, ECF No. 213.

21, 2017, MPS and Searfoss moved to dismiss counts III and IX of the Amended Complaint. ECF No. 48. On November 7, 2017, CPI moved for a preliminary injunction against the MPS Defendants and Dwyer. ECF No. 143. The parties conducted limited expedited discovery in connection with CPI's motion for a preliminary injunction. On December 29, 2017, the Court granted CPI's motion for a preliminary injunction, and granted in part and denied in part the Defendants' motion for partial dismissal. *See* ECF No. 213. In its Order, the Court dismissed without prejudice Count III of the Amended Complaint, but denied the motion to dismiss with regard to Count IX. *Id.* at 55. The Court found that Count III did not contain any factual assertions that supported a claim of fraudulent inducement against MPS and Searfoss, and that CPI's allegations of a civil conspiracy did not save its fraud claim under Federal Rule of Civil Procedure Rule 9(b). *Id*. at 49. Specifically, the Court found that, with regard to count III, the Amended Complaint was devoid of any 'who, what, where, when, and how' of MPS and Searfoss' alleged fraudulent inducement. *Id*. The Court noted, however, that CPI was allowed to amend the Amended Complaint to add sufficient facts to support its claim under Count III, and add Defendant Ken Glinert. *Id*. at 50 n.16, and 55.

### III. CONCLUSION OF LAW

**A. The MPS Defendants and John Dwyer's Motion to Amend their Answer.**

The MPS Defendants and John Dwyer ask the Court for leave to amend their first amended answers to add an affirmative defense. *See* ECF Nos. 246 and 252. Specifically, they seek to add the following paragraph to their Answers:

> Plaintiffs are barred from recovering exemplary damages or attorneys' fees under the Defend Trade Secrets Act because of their failure to comply with the mandatory notice requirements under the Act.

*See* ECF No. 266 at 1. The Defendants argue that this amendment would clarify their position that CPI is precluded from seeking exemplary damages and attorneys' fees under the Defend Trade

Secrets Act. *See Id*. at 4; ECF No. 254. CPI takes the position that all amendments should be permitted at this stage, and does not oppose this request. *See* ECF No. 270. However, if the Court does not uniformly grant the parties' motions to amend, CPI argues that the Defendants' motion to amend should be denied because the amendment is futile. *Id.*

Because the parties, for the most part, are in agreement that the Defendants' motions to amend should be granted, this Court grants the MPS Defendants and John Dwyer's motion to amend their answers to add an affirmative.

**B. CPI's Motion to File a Second Amended Complaint.**

CPI asks the Court for leave to amend its current operative complaint.[2] ECF No. 258. In its proposed Second Amended Complaint, CPI seeks to re-plead a claim for fraudulent inducement of the amendment against the MPS Defendants. *See* ECF No. 260. In support of its motion, CPI argues that the Second Amended Complaint is in accordance with the current Scheduling Order, is filed in good faith, and would not prejudice the Defendants. *Id.* In response, the MPS Defendants argue that CPI's motion should be denied insofar as CPI is attempting to re-plead a claim for fraudulent inducement against the MPS Defendants which was previously dismissed by Judge Nelson. *See* ECF No. 269. The MPS Defendants argue that CPI's claim for fraudulent inducement is futile because it would not survive another motion to dismiss. *Id.* Specifically, they argue the Seconded Amended Complaint is similarly devoid of any statements made by MPS, Glinert, or Searfoss, or any factual allegations that such statements induced CPI's reliance. *Id*. Because the Court concludes that Count III of the Second Amended Complaint, fraudulent inducement of the Amendment, fails to meet the

---

[2] Defendant Dwyer does not oppose CPI's motion to amend. The MPS Defendants only oppose CPI's motion to amend with regard to Count III of the proposed Second Amended Complaint.

particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure, CPI's motion to amend is denied as to Count III.

Under Federal Rule of Civil Procedure 15(a) the Court gives leave to amend a complaint when justice so requires. Parties, however, do not have an absolute right to amend. *See Ferguson v. Cape Girardeau Cnty*, 88 F.2d 742, 749 (8th Cir. 1981). Leave to amend is to be given unless the court finds that undue delay, bad faith, undue prejudice, or futility would occur as a result. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment to a complaint is considered futile if the claim would not survive a motion to dismiss. *De Roche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1996).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law, and may not merely state legal conclusions. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." The "particularity requirement demands a higher degree of notice than that required for other claims," and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *U.S. ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003) (citing *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920–21 (8th Cir. 2001)). "To satisfy the particularity

requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Id.* (citing *Costner*, 317 F.3d at 888).

In CPI's proposed Second Amended Complaint, CPI alleges that '[a]t all material times, Glinert and Searfoss were officers of MPS, with the ability to bind the company by their actions." ECF No. 262, Ex. A ¶ 126. That "with Glinert and Searfoss's knowledge and consent, Dwyer withheld material information and made material misrepresentations regarding his employment status with CPI, his employment status with MPS, and that he had consulted with MPS, Searfoss, and Glinert about the Amendment." *Id.* ¶ 130.  Further that "Dwyer's misrepresentations were intentional with the goal of inducing CPI to agree to the less comprehensive non-solicitation covenants contained in the Amendment," that "CPI justifiable relied on the information Dwyer provided when entering into the Amendment," and that "Defendants' material misrepresentations have caused CPI to suffer injury." *Id.* ¶¶ 130–33.

While the proposed Second Amended Complaint makes several allegations of Dwyer's misrepresentations to CPI, absent is any factual allegations that would support a claim for fraudulent inducement against the MPS Defendants. Similar to the first Amended Complaint, CPI's proposed Second Amended Complaint is devoid of any 'who, what, where, when, and how' of the MPS Defendants' alleged fraudulent inducement. *See* ECF 213 at 49. Therefore, CPI's motion for leave to file a second amended complaint is denied to the extent CPI seeks to re-plead a claim for fraudulent inducement of the amendment against the MPS Defendants

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Multi Packaging Solutions, Inc., John Searfoss, and Ken Glinert's motion to amend answer to add an affirmative defense (ECF No. 246) is **GRANTED**.
2. John Dwyer's motion for leave to file and serve an amended answer (ECF No. 252) is **GRANTED.**
3. CPI Card Group, Inc. and CPI Card Group-Minnesota, Inc.'s motion for leave to file second amended complaint (ECF No. 258) is **GRANTED** in part, **DENIED** in part.
    a. CPI's motion is denied with regards to Count III.
    b. CPI's motion is granted in all other respect.

DATED: April 13, 2018                                    *s/Franklin L. Noel*
                                                         FRANKLIN L. NOEL
                                                         United States Magistrate Judge.