UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CPI Card Group, Inc. et al.,   Civ. No. 17-3983 (SRN/BRT)

        Plaintiffs,

v.

John Dwyer, et al.,   **ORDER ON MOTIONS TO COMPEL**

        Defendants.

---

Adam Gregory Chandler, Esq., Charles B. Rogers, Esq., James J. Long, Esq., Karen D. McDaniel, Esq., Mira Vats-Fournier, Esq., and William Fitzsimmons, Esq., Briggs & Morgan, PA, counsel for Plaintiffs.

Richard R. Voebel, Esq., Ryan, A. Olson, Esq., and Scott D. Blake, Esq., Felhaber, Larson, Fenlon & Vogt, PA, counsel for Defendant Dwyer.

A. Robert Fischer, Esq., Gina K. Janeiro, Esq., and Janet M. Olawsky, Esq., counsel for Defendants Multi Packaging Solutions, Inc., John Searfoss, and Ken Glinert.

---

Now before the Court are three motions: (1) Motion to Compel Discovery by Plaintiffs CPI Card Group, Inc. and CPI Card Group-Minnesota, Inc. (the "CPI Plaintiffs") (Doc. No. 500); (2) Motion to Compel Discovery and Related Relief by Defendants Multi Packaging Solutions, Inc., John Searfoss, and Ken Glinert (the "MPS Defendants") (Doc. No. 490); and (3) Motion to Compel Discovery by Defendant John Dwyer (Doc. No. 517). The Court held a hearing on these motions on October 3, 2018. (Doc. No. 564.) They are resolved as follows:

**I.    CPI's Motion to Compel**

Plaintiffs move for an Order compelling the MPS Defendants to supplement

document productions and produce responsive documents to other document requests. (Doc. No. 500.) As discussed herein, Plaintiffs' Motion to Compel (Doc. No. 500) is **GRANTED IN PART** and **DENIED IN PART**. The individual requests are discussed below.

1. **The CPI Plaintiffs' First Set of Documents to MPS.** MPS must supplement written discovery responses to Request Nos. 15 and 16 by **October 31, 2018**, to include documents generated in 2018. *See* Fed. R. Civ. P. 26(e)(1).

2. **The CPI Plaintiffs' Second Set of Document Requests to MPS.** CPI agrees that its motion as to Request No. 2 is satisfied by supplementation of initial disclosures. This supplementation is due on **October 5, 2018**. (*See* Doc. No. 545, Second Amended Pretrial Scheduling Order.)

CPI's motion to compel documents responsive to Request No. 3 is denied without prejudice. CPI has not made any showing that documents subject to discovery have been withheld and CPI has not identified disputes relating to privilege logs.

CPI's motion to compel responses to Requests Nos. 5 and 6 is granted. Discovery responsive to these requests is relevant to multiple claims and is proportional pursuant to Rule 26. MPS has not shown any burden to this relevant discovery. "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Vallejo v. Amgen, Inc.*, --- F. 3d ----, 2018 WL 4288360, at *5 (8th Cir. Sept. 10, 2018). Paragraph Six of the Declaration submitted in opposition to CPI's motion, setting forth the number of hours related to past discovery efforts, does not satisfy this requirement. (*See* Doc. No. 552, Declaration of

Janet M. Olawsky, ¶6.) To the extent the requests call for the production of emails, Plaintiffs must identify no more than five email custodians for this search by **October 10, 2018**. Defendants may apply search terms to locate responsive ESI documents as a tool in addition to other traditional efforts.

MPI must produce these documents by **October 31, 2018**.

3. **CPI's Third Set of Document Requests.** CPI's motion to compel complete responses to Request No. 1 is granted in part and denied in part. MPS must produce written communications, including emails, letters, and presentations between MPS and the Specified Parties[1] after January 1, 2017, relating to potential work on Transaction Cards, including but not limited to request for proposals and responses to the same. Discovery responsive to these requests is relevant to multiple claims and is proportional pursuant to Rule 26. MPS has not shown any burden to this relevant discovery. To the extent the requests call for the production of emails, Plaintiffs must identify no more than five email custodians for this search by **October 10, 2018**. Defendants may apply search terms to locate responsive ESI documents as a tool in addition to other traditional efforts.

CPI's motion to compel responses to Request No. 2 is granted in part and denied in part. MPS must produce responsive documents to the "nine" accounts by **October 10, 2018**. The remaining documents must be produced by **October 31, 2018**. Discovery responsive to these requests is relevant to multiple claims and is proportional pursuant to

---

[1] For clarity, the Specified Parties are defined as the Prohibited Accounts. (*See* Doc. No. 271 at 5.)

Rule 26. As set forth above, MPS has not shown any burden to this relevant discovery.

CPI's motion to compel responses to Request No. 3 is granted in part and denied in part. MPS must provide documents that show sales in dollars and units of the Specified Parties related to Transaction Cards since January 1, 2015. To the extent MPS's business records do not include costs of manufacture/production and gross profits earned by customer project and/or program, MPS is not required to generate or create such documents. Finally, if the sales in dollars of the Specified Parties relating to Transaction Cards since January 1, 2015, are reported on a monthly basis, versus a quarterly basis, the monthly records must be produced. Responsive documents for the nine customers must be produced by **October 10, 2018**. The remaining documents must be produced by **October 31, 2018**. Discovery responsive to these requests is relevant to multiple claims and is proportional pursuant to Rule 26. As set forth above, MPS has not shown any burden to this relevant discovery.

CPI's motion to compel responses to Request Nos. 4 is granted in part and denied in part. MPS must produce MPS Sales forecasts about business and prospective business, and/or expected business with the Specified Parties relating to Transaction cards from January 1, 2017 through the present. Defendants are not required to produce "all documents relating to the sales forecasts" as that part of the request is overly broad and not sufficiently tailored to be proportional to the needs of the case. Documents subject to this part of the Order must be produced by **October 31, 2018**.

CPI's motion to compel responses to Request Nos. 6 and 7 are granted as to the Specified Parties. Discovery responsive to these requests is relevant to multiple claims

and is proportional pursuant to Rule 26. MPS has not shown any burden to this relevant discovery. To the extent the requests call for the production of emails, Plaintiffs will identify no more than five email custodians for this search. Defendants may apply search terms to locate responsive ESI documents as a tool in addition to other traditional efforts. These documents must be produced by **October 31, 2018**.

CPI's motion to compel responses to Request No. 5 is denied without prejudice for a lack of a showing of relevance.

4. **CPI's First Set of Document Requests to Searfoss and Glinert.** Defendants Searfoss and Glinert have agreed to supplement their responses. Responses must be supplemented by **October 31, 2018**.

5. **Withdrawn Subpoena to Catalyst Card Company.** Plaintiffs' motion to compel MPS to supplement all of the past discovery responses to include documents now in MPS's possession and control through its acquisition of Catalyst is denied without prejudice, except as to the documents MPS agreed to produce. Those documents must be produced by **October 31, 2018**. If additional Catalyst documents are still sought, the parties must meet and confer to attempt to agree on (a) the particular document requests that CPI contends should apply; and (b) how to reasonably target relevant and proportional documents from the Catalyst materials. Disputes about this category of documents must be filed by **October 19, 2018**.

II. **MPS Defendants' Motion to Compel**

The MPS Defendants move for an order compelling Plaintiffs to provide a list identifying each trade secret upon which its allegations are based, to provide "complete

answers" to discovery requests as previously ordered by Magistrate Judge Noel, and to amend the protective order to stop Plaintiffs' abuse of the Attorney Eyes Only ("AEO") Designation. (Doc. No. 490.) As discussed herein, the MPS Defendants' Motion to Compel (Doc. No. 490) is **GRANTED IN PART** and **DENIED IN PART**. The individual requests are discussed below.

1. **Motion to Supplement MPS Defendants' Trade Secret Interrogatories (MPS Interrogatory Nos. 4–5, Searfoss Interrogatory No. 5, Glinert Interrogatory No. 5.)** The CPI Plaintiffs have disclosed alleged trade secrets with sufficient particularity to require Defendants to participate in the discovery at issue in the multiple motions to compel. Further, as indicated above, much of the discovery sought is relevant to other claims in the litigation, in addition to trade secret misappropriation claims.

While the Court will not require Plaintiffs to supplement before Defendants are required to respond to Plaintiffs' discovery, further supplementation by CPI is warranted. Plaintiffs must supplement their Interrogatory responses to disclose the facts that they know about. They also must designate the information they contend is subject to their trade secret misappropriation claims. To the extent Plaintiffs have knowledge of facts to connect a particular Defendant with misappropriation, disclosure or misuse of a particular trade secret or certain confidential information, that information must also be included. Plaintiffs should avoid caveats or reservations that make it appear that the facts disclosed are just examples. Plaintiff cannot respond in a "summary fashion" or say that "certain aspects" of a general description include a trade secret. (Doc. No. 493, Declaration of Janet M. Olawsky, Ex. 1.) Further, Plaintiffs' objection that disclosure of the alleged

trade secrets calls for a legal conclusion is overruled. Contention interrogatories are a permissible form of discovery and requiring a supplemental response is not premature at this stage of discovery. Indeed, a supplemental response will be important in order to efficiently complete all fact discovery by December 17, 2018. (*See* Doc. No. 545, Second Amended Pretrial Scheduling Order.) The October 1, 2018 fact discovery deadline was extended on September 28, 2018, only to permit the parties additional time to respond to written discovery already served and to take fact depositions.[2] To the extent Plaintiffs possess relevant information, they must respond.

The Court appreciates that Plaintiffs require additional discovery before more final answers are served. If Plaintiffs discover new information following their supplementation, or better understand the information they have, based on diligently pursued discovery, they will likely have good cause to supplement their answers before the close of discovery. A telephone status conference is set for **November 9, 2018**, **at 9:00 a.m.** to discuss the status of fact discovery and the issue of supplementation. The supplementation required by this Order requires Plaintiff to identify what is currently known and alleged as to each Defendant. This supplementation is due by **October 31, 2018**.

For purposes of the settlement conference set for October 16, 2018, Plaintiffs must

---

[2]  The Second Amended Scheduling Order remains in place. The parties are reminded that the Second Amended Scheduling Order provided that "[i]f any party seeks to amend the scheduling order to allow for any additional written discovery, they must show good cause and, because the deadline has passed, extraordinary circumstances." (Doc. No. 545.) The deadline expired on September 25, 2018. (*See id.*)

7

provide Defendants' counsel with a summary list of any known additional trade secrets or confidential information believed to have been misappropriated, disclosed, or misused that are not yet included in the interrogatory answers by **October 10, 2018**. This summary list can be more fully developed as required above and incorporated into the supplemental answers due by **October 31, 2018**.

2. **Motion to Supplement Damages Interrogatories (MPS Interrogatory No. 14, Searfoss Interrogatory No. 16, Glinert Interrogatory No. 16.)** Plaintiffs must supplement by **October 31, 2018**. For purposes of the settlement conference, Plaintiffs must provide a settlement demand and the rationale for the demand prior to the settlement conference. This demand and rationale must be included in the confidential settlement letter to the Court. The parties' confidential settlement letters are due to chambers via email at thorson_chambers@mnd.uscourts.gov on **October 12, 2018** by **4:00 p.m.** Attachments more than twenty pages must be hand-delivered to chambers by 4:00 p.m. on that same date.

3. **Attorney's Eyes Only Designation.** CPI must initiate a meet and confer with all of the Defendants[3] about AEO designations. Plaintiffs must prepare and present a proposed definition of the material that is subject to the AEO category. The definition must include temporal limits that would apply to such designations. The parties should also meet and confer to discuss how to re-designate documents pursuant to the parties' agreements or the Court's ruling on an amended protective order. The parties' joint or

---

[3] This includes Defendant Dwyer, who also objects to Plaintiffs' AEO designations. (Doc. Nos. 517, 520.)

separate proposals for an amended protective order must be submitted no later than **October 19, 2018**. The Court will make its ruling after the receipt of these materials.

No later than **October 12, 2018**, the parties must identify, by bates number, any AEO documents that they believe must be de-designated for purposes of the settlement conference. To the extent the parties do not agree on de-designation, then they must discuss how more general information might be shared with clients to assist in understanding and evaluating settlement positions. The parties must include their agreements or proposals on this issue in their settlement letters.

### III.     Defendant Dwyer's Motion to Compel

Defendant Dwyer moves for an Order compelling Plaintiffs to identify trade secrets it claims Defendants misappropriated, review documents and deposition testimony it has designated as AEO and designate them consistent with the applicable Protective Order and law, and withdraw the errata sheet executed by Ms. Peggy O'Leary, CPI's Rule 30(b)(6) designee. (Doc. No. 517.) The Court addressed the first request above. The Court granted the request to strike the errata sheet at the hearing. The *Bone Care* case, cited by Plaintiffs, has no connection to the circumstances of this case. *See Bone Care Int'l, LLC v. Pentech Pharm., Inc.*, No. 08-cv-1083, 2010 WL 3894444 (N.D. Ill. Sept. 30, 2010). Plaintiffs in this case seek to incorporate all answers to interrogatories into all answers at a deposition. Plaintiffs' position has no merit. Therefore, Defendant Dwyer's Motion to Compel (Doc. No. 517) is **GRANTED IN PART** at this time.

**IV.    The Parties' Motions for Sanctions are Denied**

**V.     Supplementation of All Written Discovery**

CPI's request for an order that requires Defendants to search for all 2018 documents that would be responsive to past document requests is **DENIED** without prejudice. The parties must meet and confer regarding the supplementation of discovery and present joint or competing proposals to the Court by **October 19, 2018**. The Court will discuss the scope and timetable for supplementation at the November 9, 2018 telephone status conference.

**VI.    ESI Protocols for Completing Document Production**

The parties previewed potential disputes relating to ESI protocols for the production of discovery that was served months ago. This is concerning to the Court, especially when the parties were required, pursuant to the Amended Scheduling Order dated May 15, 2018, to submit a proposed order regarding preservation, disclosure, and production of Electronically Stored Documents no later than July 2, 2018. The Court expects that the parties will fully meet and confer to attempt to resolve any disputes regarding the production of documents. If disputes cannot be resolved, the following process will apply to disputes regarding ESI:

(a) The parties must jointly send a short email to the Court describing the dispute and the parties' positions;

(b) The parties must inform the Court whether they agree to IDR

(c) If IDR is not agreed to, the parties must simultaneously file formal motions

setting forth their positions and proposal by **October 19, 2018** at **5:00 p.m.** The briefs are limited to ten pages and a detailed proposed order, setting forth the proposed ESI protocol, must be included in Word format and sent to Chambers via email at thorson_chambers@mnd.uscourts.gov.

Date:   October 4, 2018.

                                              *s/ Becky R. Thorson*
                                              BECKY R. THORSON
                                              United States Magistrate Judge