## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CPI Card Group, Inc. et al., | Civ. No. 17-3983 (SRN/BRT) |
| Plaintiffs, | |
| v. | |
| John Dwyer, et al., | **ORDER ON MOTIONS TO COMPEL** |
| Defendants. | |

Adam Gregory Chandler, Esq., Charles B. Rogers, Esq., James J. Long, Esq., Karen D. McDaniel, Esq., Mira Vats-Fournier, Esq., and William Fitzsimmons, Esq., Briggs & Morgan, PA, counsel for Plaintiffs.

Richard R. Voebel, Esq., Ryan, A. Olson, Esq., and Scott D. Blake, Esq., Felhaber, Larson, Fenlon & Vogt, PA, counsel for Defendant Dwyer.

A. Robert Fischer, Esq., Gina K. Janeiro, Esq., and Janet M. Olawsky, Esq., counsel for Defendants Multi Packaging Solutions, Inc., John Searfoss, and Ken Glinert.

Now before the Court are several motions: (1) The MPS Defendants' Motion to Compel Supplementation of Discovery Responses and Damages Information (Doc. No. 570); (2) Defendant Dwyer's Motion to Compel Concerning Written Discovery (Doc. No. 579); (3) Plaintiffs' Motion to Compel Discovery (Doc. No. 603); (4) Dwyer's Motion to Compel Concerning Custodians, Search Terms, and an Amended Protective Order (Doc. No. 619); and (5) Unresolved Issues Raised in the October 24, 2018 Status Call. (Doc. No. 617.) The Court held a hearing on these motions on November 9, 2018. (Doc. No. 673.)

## BACKGROUND

Magistrate Judge Franklin Noel issued the original Scheduling Order on January 16, 2018. (Doc. No. 227.) This case was reassigned to the undersigned on May 7, 2018 (Doc. No. 299), and an Amended Scheduling Order was issued on May 15, 2018. (Doc. No. 319.) The parties were required to update their initial disclosures by January 19, 2018. (Doc. No. 319.) The Amended Pretrial Scheduling[1] Order provided that fact discovery must be commenced in time to be completed by October 1, 2018. (*Id.*) Expert discovery was scheduled to follow the completion of fact discovery. (*Id.*) A Third Amended Scheduling Order was entered on October 5, 2018. (Doc. No. 568.) This order confirmed that the deadline had passed for all written discovery and document production, but that the time for taking fact depositions would be extended to December 17, 2018. (*Id.*) A Fourth Amended Scheduling Order was entered on October 26, 2018. (Doc. No. 612.) To accommodate settlement discussions, the Court agreed to extend the date for supplementation of discovery responses, including the production of actual documents, to November 19, 2018. (*Id.*) In addition, the Court extended the deadline for the completion of deposition fact discovery to January 18, 2019. (*Id.*) Expert deadlines were adjusted to ensure that the experts had the benefits of fact discovery to prepare expert reports. (*Id.*) The Court also set the deadlines for the submission of motions regarding written fact discovery, ESI, the protective order, and upcoming fact

---

[1] The Third Amended Scheduling Order also provided: "If any party seeks to amend the scheduling order to allow for any additional written discovery, they must show good
(Footnote Continued on Next Page)

depositions. (*Id.*) The Fourth Amended Scheduling order alerted that parties that any discovery ordered pursuant to motions to compel would be due on a fast track. (Doc. No. 612 at 2.)

## APPLICABLE LAW GOVERNING DISCOVERY

The parties have utilized various discovery tools to obtain factual information from other parties and third parties. These discovery tools include interrogatories, requests for the production of documents, and depositions. Federal Rule of Civil Procedure 26 governs discovery in federal court. Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Discovery under the Federal Rules of Civil Procedure, however, is not without bounds, even if relevance is shown. Federal Rule of Civil Procedure 26(b)(2)(C) provides:

> (C) *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

---

(Footnote Continued From Previous Page)
cause and, because the deadline has passed, extraordinary circumstances." (Doc. No. 568.)

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

## ANALYSIS

**I. The MPS Defendants' Motion to Compel Supplementation of Discovery Responses and Damages Information (Doc. No. 570)**

Since the filing of their motion, CPI has produced, or has agreed to produce, the information requested in Paragraph 2(a)-2(f) of the Proposed Order from January 1, 2016 to the present. The remaining issues are addressed below. MPS's motion is granted in part and denied in part.

**A. Motion to Compel Responses to RFPs**

This Court notes that the Proposed Order corresponds to MPS's motion to compel documents responsive to MPS RFP Nos. 12-13 and Glinert/Searfoss Nos. 5-6. (Doc. No. 578.) Essentially, MPS seeks discovery reciprocal to the scope of what CPI is receiving in response to its document requests; however, the discovery requests are not the same:

| CPI's Requests (Subject to Past Motion to Compel) | MPS's Requests (Subject to This Motion) |
|---|---|
| Set III, RFP 1. All communications (orally, via letter, email, power point, etc.) between MPS and any of the Specified Parties after January 1, 2017 relating to potential work on Transaction Cards, including but not limited to request for proposals and responses to same. | **[MPS] REQUEST NO. 12:** All Documents which relate in any way to the financial loss and/or damages you claim was caused by MPS as alleged in the Complaint. |
| Set III, RFP 2. All Master Service Agreements, Statements of Work, or agreements pursuant to | **[GLINERT/SEARFOSS[2]] REQUEST NO. 5:** All Documents which relate in |

4

| | |
|---|---|
| which work is performed between MPS and any of the Specified Parties since January 1, 2017, relating to Transaction Cards. | any way to the financial loss and/or damages you claim was caused by the acts of [Glinert/Searfoss] as alleged in the Complaint. |
| Set III, RFP 3. All MPS reports that show sales in dollars and units, costs of manufacture/production, and gross profits earned by customer project and/or program relating to Transaction Cards, by fiscal periods of quarter and year from January 1, 2015 to present. | **[MPS] REQUEST NO. 13:** All Documents which relate in any way to efforts you have made to mitigate the damages you allege to be caused by MPS. |
| Set III, RFP 6. All MPS documents and reports that show a(ny) discounts, deviation, or variation related to pricing Transaction Cards quoted or offered to each of the Specified Parties | **[GLINERT/SEARFOSS] REQUEST NO. 6:** All Documents which relate in any way to efforts you have made to mitigate the damages you allege to be caused by [Glinert/Searfoss]. |
| Set II, RFP 6. All documents relating to MPS's plans, pursuit or solicitation of, or current or prospective business with, any of CPI's current or former customers, or CPI prospects as identified in the December 14, 2017 letter of Janet Olawsky to Karen McDaniel, attached hereto. | |

CPI aimed its requests at *specific types and categories of documents*. The requests at issue in MPS's motion are aimed at discovering documents that *relate to CPI's damages claims*. If MPS wanted types or specific categories of documents, it could have more directly targeted the documents sought, rather than ask CPI to identify documents CPI

5

believed "relate" to claims and efforts to mitigate. Moreover, requests seeking documents that relate "*in any way*" are overbroad.

With that said, however, Plaintiffs should not assume that they may reserve the right to "subsequently rely" on discovery that they do not produce by the deadlines set forth in this Court's orders. (*See* Doc. No. 665, Declaration of Donald A. Gorowsky ("Gorowsky Decl.") ¶ 19 ("If I were to subsequently rely on financial data or projects before January 1, 2015, it is my understanding that CPI would produce such financial data or projects.").) The scheduling orders were prepared consistent with Rules 1 and 16 and tailored to allow experts for both sides to consider the relevant factual information before expert reports were due. If CPI wishes to potentially rely on any financial data or projects that predates January 1, 2015, it should produce documents for the corresponding years by the deadline set forth in this Order by November 30, 2018 or proceed at its peril.[2]

In addition to what has been agreed to by the parties, CPI must produce the information listed in Paragraph 2(a)-2(f) of the Proposed Order from January 1, 2015 to January 1, 2016.

As to the information listed in Paragraph 2(g)-2(j) of the Proposed Order for any time period, MPS's motion is denied. Further, it is premature to order the discovery of the

---

[2] This Court's Order on this discovery dispute is non-dispositive and should not be interpreted to suggest that the undersigned is making any determination of dispositive issues or is previewing any decisions regarding potential disputes regarding the introduction of certain evidence or preclusion of evidence.

amount of attorney fees to be claimed. See *Newman v. Union Pacific R. Co.*, No. 12-2518-JTM-KGG, 2013 WL 1308977, at *1 (D. Kansas March 29, 2013).

CPI must produce any documents that have not yet been produced but have been provided to CPI's damage experts (disclosed and undisclosed) by **November 30, 2018** as these would relate to damages or mitigation claims.

### B. Supplementation

CPI must update their production to include documents from July 1, 2017 to October 31, 2018[3] as to MPS RFP Nos. 4, 12, 13, 15, 16, and 17 and Searfoss/Glinert RFP Nos. 2, 3, 4, 5, and 6. Such supplementation does not mean that additional discovery may open or that any depositions may be rescheduled. A full supplementation as to MPS RFP No. 2 is denied as unduly burdensome given the broad scope of the Request, which asks for "[a]ll documents which relate in any way to your claims against [Glinert/Searfoss] or any other defendant in this case." A full supplementation of Searfoss/Glinert RFP No. 7 is also denied as unduly burdensome given the broad scope of the Request (*See* RFP No. 7 ("All non-privileged Documents, including those with a third party, regarding your claims against [Glinert/Searfoss].").) If CPI has identified or collected additional documents responsive to MPS RFP No. 2 or Searfoss/Glinert RFP No. 7, such documents must be produced by **November 30, 2018**.

---

[3] Ongoing supplementation "to the present" will collide with Rule 1. Accordingly, the Court has selected a recent end of month date to work from in order to satisfy the November 30, 2018 deadline for the production of documents subject to this Order.

## II. Defendant Dwyer's Motion to Compel Concerning Written Discovery (Doc. No. 579)

Since the filing of their motion, the parties have resolved disputes regarding Defendant Dwyer's request for information and/or documents regarding the six common Prohibited Accounts; Defendant Dwyer's Request for Production Nos. 6, 8, 11, 14 and 15; Defendant Dwyer's request for missing email attachments in Plaintiffs' document production; and Defendant Dwyer's request for un-redacted documents.

The parties also resolved the dispute regarding Defendant Dwyer's request that Plaintiffs supplement their document production by producing text messages. With regard to the resolution of the text message dispute, the parties must file a stipulation reflecting their agreement by **November 19, 2018**. As part of the resolution of the text message dispute, the parties also resolved the remaining ESI dispute regarding custodians and search terms. The stipulation will include the parties' agreement on those issues as well. MPS's motion is granted in part and denied in part. The remaining issues are addressed below.

### A. Interrogatory No. 10: Denied

Defendant Dwyer requests that Plaintiffs supplement their Answer to Interrogatory No. 10. Defendant Dwyer clarified that he sought supplementation relating to CPI's claim for attorney fees. Dwyer's motion is denied as premature. *See Newman*, 2013 WL 1308977, at *1.

### B. Supplementation (confirmation) as to Interrogatories 12, 13, 14 and 16: Granted

Interrogatory Nos. 12 and 13 warrant further discussion because of their relationship to disputed RFP No. 12 below. Defendants are entitled to discover whether CPI has shared the types of information CPI contends is confidential or trade secret protected with third parties. Searches of a limited number of custodians pursuant to the parties' agreement on custodians and search terms, as discussed at the hearing, does not satisfy CPI's obligation to respond to interrogatories. Consistent with the foregoing authority, "[a] company has a duty to *conduct a reasonable investigation, make reasonable inquiries of its employees,* and fully respond to the interrogatories posed to the company." *Morris v. Low's Home Centers*, No. 1:10CV388, 2012 WL 5347826, at *4 (M.D.N.C. Oct. 26, 2012) (citing *3M Innovative Props. Co. v. Tomar Elecs.,* Civil No. 05–756 (MJD/AJB), 2006 WL 2670038, at *10 (D. Minn. Sept. 18, 2006) (emphasis added). *See also Gonzales v. City of Albuquerque,* No. CIV 09–0520 JB/RLP, 2010 WL 553308, at *8 (D.N.M. Feb. 9, 2010) ("The Defendants must make a reasonable effort to answer these interrogatories, including talking to employees and looking at documents."); *Hickman v. Wal–Mart Stores, Inc.,* 152 F.R.D. 216, 223 (M.D.Fl.1993)("[The defendant] has a duty to make a reasonable search of its business records and make a reasonable inquiry of its employees and agents in order to obtain the information asked in Plaintiff's interrogatories."). If CPI satisfies its obligation to respond pursuant to Rule 33, then CPI will be able to identify any corresponding documents in response to RFP No. 12 without undue burden.

### C. Defendant Dwyer's Request for Production: Granted in Part and Denied in Part

Several of the remaining disputes between the parties relate the scope of discovery of CPI's financial information. Dwyer argues that CPI has improperly limited its responses to the production of documents that CPI intends to rely on to support its damages claim. The Court agrees that Defendants were entitled to seek discovery beyond what Plaintiffs might choose to rely on to support their damages claim.[4] *See hibu Inc. v. Peck*, Case No. 16-cv-1055-JTM-TJJ, 2017 WL 2472548, at *2–3 (D. Kan. June 8, 2017) (finding that defendant is entitled to conduct discovery into the basis for plaintiff's damages calculations, including discovery which may permit rebuttal.) This obviously assumes that a particular discovery request has been made and is within the scope of Rule 26.

---

[4] Rule 26(a)(1) requires the parties to disclose the identities of the witnesses and documents that they "may use to support [their] claims and defenses, unless the use would be solely for impeachment." It is important to note that the initial disclosure requirements were narrowed in 2000 to "cover only information that the disclosing party may use to support its position." *See* Comments, 2000 Amendment. After 2000, a "party is no longer obligated to disclose witnesses or documents whether favorable or unfavorable, that it does not intend to use." *Id.* "As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use." *Id.* There is a significant difference between what a party is *required* to disclose in their Rule 26(a) initial disclosures and what a party is *permitted to inquire into* pursuant to Rule 26(b). To highlight this point, a party may not intend to "use" an unfavorable document "to support [their] claims and defenses." *Id.* That same party, however, may have to produce the unfavorable document if it is sought through a Rule 34 document request, assuming the request seeks discovery within the scope of Rule 26. While a party's initial disclosures may help to frame the scope, they do not set the boundaries. In the end, "[m]utual knowledge of all of the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

CPI insists that any discovery should not reach to CPI Card Group, Inc., explaining that its "current damages claim" is isolated to lost profits in its U.S. Prepaid Debit business segment for specific customers and projects. (*See* Doc. No. 664 at 9–10; *see also* Gorowsky Decl. ¶ 10.) According to the Defendants, however, CPI has taken the position that its damages claim reaches beyond the single business entity to the CPI Card Group Inc., opening the door to discovery of CPI Card Group's financial data. Specifically, with respect to RFP No. 9, Defendant seeks the non-consolidated financial statements for CPI Card, Inc.

With the above framework, the Court addresses the remaining disputes regarding the Dwyer's RFPs.

- RFP No. 5. Granted.

- RFP No. 9. Granted. Dwyer has established relevance. CPI has not, at least at this point, shown a lack of relevance.[5] Further, in opposing Dwyer's motion, CPI has not shown burden or lack of proportionality regarding the production of CPI Card, Inc.'s "non-consolidated financial statements." (*See* Doc. 664 at 9–10.)

- RFP No. 12. Granted. See above. The Court notes that responsive documents, if they exist, could potentially correspond to the answer to Interrogatories 12 and 13.

---

[5]  Counsel for CPI agreed to consult with the CPI entities to confirm Plaintiffs' position regarding damages. Dwyer concedes that these documents need not be produced "unless CPI can clarify that the other CPI entity is not claiming that it suffered financial harm as a result of Dwyer." (Doc. No. 581 at 16.) If the parties reach an agreement that is different from this Court's Order, they must file a joint stipulation that memorializes the agreement. Either way, documents ordered or agreed to must be produced by the November 30, 2018 deadline set forth in this Order.

11

- RFP No. 16. Granted in part and denied in part as overly broad as drafted. CPI must produce decks (PowerPoint), presentations, and other marketing-related Documents presented or provided to Prohibited Accounts from January 2016 to the present.

- RFP No. 20. Granted. As discussed above, initial disclosure documents are often produced even without a request. Here, however, a corresponding written discovery request was made.

**III. Plaintiffs' Motion to Compel Discovery (Doc. No. 603)**

Plaintiffs' Motion is already subject to **past orders**. Responsive information and documents subject to past orders must be produced by **November 19, 2018**.

**IV. Dwyer's Motion to Compel Concerning Custodians, Search Terms and An Amended Protective Order (Doc. No. 619)**

**A. Custodians and Search Terms**

The disputes relating to custodians and search terms was resolved prior to the hearing. As discussed above a joint stipulation reflecting the agreement must be filed by November 19, 2018.

**B. AEO Designations/Protective Order**

A separate Amended Protective Order will be issued.

**V. Unresolved Issues Raised in the October 24, 2018 Status Call (Doc. No. 617)**

**A. Fact Depositions**

CPI seeks additional time to conduct a second deposition of the individually named defendants and to complete the 30(b)(6) deposition of MPS. The parties had agreed that a second deposition could be taken, however, they did not agree to exceed the time limit set forth in Rule 30. The request for additional time to depose the individually named defendants is denied for lack of good cause. The request for additional time to

complete the 30(b)(6) deposition is granted in part and denied in part. An additional 2 hours will be permitted. No expansion of the topics is allowed. Further, MPS is not required to produce any particular individual as its designee[6] and the 30(b)(6) designee is not subject to an individual deposition unless already noticed. MPS must comply with Rule 30(b)(6) and the designee must be prepared on the topics to be covered. The topics must be confirmed in a meet and confer between counsel prior to the deposition.

Unless already agreed to, the parties may not seek the depositions of any other fact witnesses unless they were noticed by the deadlines set forth in this Court's scheduling orders. If the parties have reached an agreement regarding fact depositions, they must file a joint stipulation that memorializes their agreement by **November 19, 2018**.

### B. AEO Designations/Protective Order

As noted above, a separate Amended Protective Order will be issued.

### ORDER

1. As provided by the Fourth Amended Scheduling Order, written discovery—including actual documents—already ordered to be completed pursuant to this Court's prior orders must be produced no later than **November 19, 2018**. All discovery—including actual documents—ordered pursuant to this Order must be produced no later than **November 30, 2018**;

---

[6] CPI complains that it was not made aware of the identity of MPS's financial records custodian. CPI, however, has not established that it made a discovery request to learn the identity of the financial records custodian and that this information was withheld, preventing CPI from timely noticing an individual fact deposition. As discussed

(Footnote Continued on Next Page)

2. All stipulations required to be filed pursuant to this Order must be filed by November 19, 2018;

3. The MPS Defendants' Motion to Compel Supplementation of Discovery Responses and Damages Information (Doc. No. 570) is **GRANTED IN PART** and **DENIED IN PART**;

4. Defendant Dwyer's Motion to Compel Concerning Written Discovery (Doc. No. 579) is **GRANTED IN PART** and **DENIED IN PART**;

5. Plaintiffs' Motion to Compel Discovery (Doc. No. 603) is **GRANTED IN PART** and **DENIED IN PART**; and

6. Dwyer's Motion to Compel Concerning Custodians, Search Terms, and an Amended Protective Order (Doc. No. 619) is **GRANTED IN PART** and **DENIED IN PART**.

Date: November 13, 2018.

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

---

(Footnote Continued From Previous Page)
above, MPS was not required to identify fact witnesses that it does not intend to offer as part of their initial disclosures.